UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE LACKIRAM<br>Plaintiff<br><br>v.<br><br>LINDA MONTMINY, PAT MCCARTHY,<br>FAITH KIRKLAND, ROSEMARY BEVINS,<br>RUTH NATHANS, LILA SARKIS,<br>DIANE ENOX, Deputy Commissioner of the<br>Massachusetts Department of Mental Retardation,<br>GERALD J. MORRISSEY, Commissioner of the<br>Massachusetts Department of Mental Retardation,<br>and RON PRESTON, Secretary of the<br>Massachusetts Office of Health and Human<br>Services<br>Defendants | C.A. No. _____<br><br>04 - 12592 GAO<br><br>COMPLAINT # 60740<br>AMOUNT $ _____<br>SUMMONS ISSUED 9<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY. CLK. M.P.<br>DATE 12/13/2004<br>MAGISTRATE JUDGE JLA |

## INTRODUCTION

1. This is a complaint for money damages and injunctive relief brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., M.G.L. c. 151B §4, and the common law of torts. The Plaintiff alleges that the Defendants subjected her to disparate treatment in the terms and conditions of her employment based on her race and color and engaged in racial harassment. The Plaintiff further alleges that the Defendants retaliated against her for opposing discriminatory practices and participating in the investigation of those practices. Finally, the Plaintiff alleges that the Defendants defamed her and intentionally inflicted emotional distress upon her.

## JURISDICTION

2. This court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343, and pursuant to its pendent jurisdiction to adjudicate claims arising under state law.

## PARTIES

3. Plaintiff Diane Lackiram is a resident of New Hampshire.

4. Defendant Linda Montminy is an employee of the Massachusetts Office of Health and Human Services and the Department of Mental Retardation, acting in the scope of employment at all times relative to this complaint, and is sued in her individual capacity.

5. Defendant Pat McCarthy is an employee of the Massachusetts Office of Health and Human Services and the Department of Mental Retardation, acting in the scope of employment at all times relative to this complaint, and is sued in her individual capacity.

6. Defendant Faith Kirkland is an employee of the Massachusetts Office of Health and Human Services and the Department of Mental Retardation, acting in the scope of employment at all times relative to this complaint, and is sued in her individual capacity.

7. Defendant Rosemary Bevins is an employee of the Massachusetts Office of Health and Human Services and the Department of Mental Retardation, acting in the scope of employment at all times relative to this complaint, and is sued in her individual capacity.

8. Defendant Ruth Nathans is an employee of the Massachusetts Office of Health and Human Services and the Department of Mental Retardation, acting in the

scope of employment at all times relative to this complaint, and is sued in her individual capacity.

9. Defendant Lila Sarkis is an employee of the Massachusetts Office of Health and Human Services and the Department of Mental Retardation, acting in the scope of employment at all times relative to this complaint, and is sued in her individual capacity.

10. Defendant Diane Enox is the Deputy Commissioner of the Massachusetts Department of Mental Retardation and an employee of the Office of Health and Human Services, acting in the scope of employment at all times relative to this complaint, and is sued in her individual capacity as well as her official capacity.

11. Defendant Gerald J. Morrissey is the Commissioner of the Massachusetts Department of Mental Retardation and an employee of the Office of Health and Human Services, acting in the scope of employment at all times relative to this complaint, and is sued in his individual capacity as well as his official capacity.

12. Defendant Ron Preston, is the Secretary of the Massachusetts Office of Health and Human Services, acting in the scope of employment at all times relative to this complaint, and is sued in his individual capacity as well as his official capacity.

## FACTS

13. The Plaintiff, Diane Lackiram, has been an employee at the Massachusetts Department of Mental Retardation since 1981.

14. She has attained a supervisory position known as MRW-4, which is three steps above entry level.

15. Currently she is assigned to the Hogan Regional Center in Hawthorne, MA.

16. In January, 2003, the Plaintiff, who is African-American, became concerned about a below grade evaluation that the Defendants had given to another African-American employee, Derrick Jones, who was the Plaintiff's subordinate.

17. She was concerned that the evaluation was retaliation for his complaint made to the Commissioner of the Department alleging racial discrimination at their work site.

18. The Plaintiff requested to meet with her immediate supervisors about this evaluation, Defendant Nathans, the Division Director at the Hogan Regional Center, and Defendant Sarkis, the Assistant Division Director.

19. In response to Plaintiff's request for the meeting, Defendant Nathans stated to the Plaintiff, who is the only African-American supervisor, that she "did not fit in" at the Regional Center. This statement was made in front of several coworkers.

20. At the meeting, the Defendants Sarkis and Nathans denied any knowledge of Jones' below grade evaluation.

21. In addition to Nathans' comment, the Plaintiff has endured various forms of disparate treatment during her time at the Regional Center.

22. One example of this treatment was that white supervisors were allowed to work overtime whereas the Plaintiff was not.

23. Additionally, Nathans had previously told the Plaintiff that she was relegated to the "back-burner" when it came to supervisory duties, and would only be given the more menial duties which could not be assigned to the other supervisors, none of whom were African-American.

24. In April 2003, the Plaintiff wrote a letter to Nathans supervisor, Defendant Linda Montminy, to complain about Nathans racially motivated comment, and other disparate treatment the Plaintiff was enduring.

25. Five minutes before her scheduled meeting with Montminy regarding this discrimination, Defendant Sarkis sent the Plaintiff a letter docking her two days pay for the alleged improper use and documentation of sick time. The letter was then placed in the Plaintiff's personnel file.

26. At the meeting, Montminy stated that the Plaintiff had misunderstood Nathans comment that she didn't fit in, and that it was not racially motivated.

27. The Plaintiff expressed concern to Montminy that she would face retaliation for this meeting, to which Montminy replied "that is not our practice."

28. Five minutes after the meeting between the Plaintiff and Montminy adjourned, Sarkis informed the Plaintiff that she was docking another days pay for the alleged improper use and documentation of personal leave. This letter was also put in the Plaintiff's file.

29. On May 17, 2003, the Plaintiff spoke to Gerald Scott, the Affirmative Action Coordinator for the Department, about Nathans comments and her loss of pay. Scott promised to investigate the matter.

30. On June 19, the Plaintiff received her performance evaluation, which contained entirely positive reviews and made no mention of the misuse of sick or personal time.

31. On June 24, the Plaintiff received a call from Lisa Harrison of the Affirmative Action Office during which the Plaintiff suggested she would take her claims to the MCAD since they was not investigating her case diligently.

32. In fact, the Defendants' application of their policies and compliance procedures were in no way adequate to deal with the Plaintiff's claims of racial discrimination, or those of any employee.

33. After the phone call with Harrison ended, Defendant Sarkis entered and told the Plaintiff she would be getting a letter of reprimand in her file for making a personal call during work hours, a reference to the call from Harrison.

34. Prior to her July 31 meeting with Sarkis and Nathans regarding this letter of reprimand, the Plaintiff received another letter of reprimand alleging misuse of sick and personal leave.

35. The meeting regarding these letters was attended by the Plaintiff, Defendants Sarkis and Nathans and Lisa Harrison, who worked in the affirmative action office.

36. After the meeting, the client wrote to Defendant Montminy regarding her letters of reprimand.

37. On August 21, 2003, the Plaintiff wrote to Defendant Pat McCarthy, the Director of Human Resources to complain that Montminy had placed another letter of reprimand in her file without notice, in violation of union rules.

38. Several days later, McCarthy called the Plaintiff into her office and demanded she repay the state for sick days she had taken several months earlier. McCarthy claimed she had been ordered to seek the repayment by her supervisor, Jonathan

Platt. Platt, however, stated he had no knowledge of this directive when the Plaintiff asked him about it.

39. The Plaintiff's concerns of disparate treatment of a coworker arose again when Derrick Jones was terminated over a fraudulent allegation of workplace violence.

40. This stood in direct contrast to the treatment of a co-worker written up for serious threats of violence against another employee and his family which went completely unpunished by the Defendants.

41. In October 2003, the Plaintiff was accused of workplace violence when an employee she had cited for abandoning his post attacked her in the office.

42. As a result of this incident, she was demoted back to entry-level duties by Defendants Bevins, Montminy, and Kirkland, though she kept the same pay rate.

43. In March 2004, the Plaintiff was accused of another incident of workplace violence because she closed the shower curtain separating a nude male and female client.

44. As a result of this complaint, she was placed on paid administrative leave pending the outcome of the investigation.

45. The first complaint was eventually resolved in her favor, but the second is still pending.

46. As a result of the Defendants' conduct, the Plaintiff has suffered severe emotional distress including sleeplessness, anxiety, elevated blood pressure, stress, and back problems, all requiring medical attention. The Plaintiff has also suffered marital and familial stress.

7

47. Due to her medical condition caused by the Defendants' conduct, the Plaintiff was forced to take unpaid leave from work, and has not been paid since April 2004.

48. The Plaintiff filed a charge with the Massachusetts Commission against Discrimination on August 8, 2003. The case was subsequently transferred to the Equal Employment Opportunity Commission, which issued a right to sue letter on September 14, 2004.

## COUNT I
## INDIVIDUAL DISPARATE TREATMENT
## BY ALL DEFENDANTS

49. The Plaintiff restates the allegations in Paragraphs 1 through 48, and incorporates them by reference herein.

50. By the actions described above in Paragraphs 1 through 48, the Defendants discriminated against the Plaintiff with respect to the terms and conditions of her employment based on her race and color, in violation of 42 U.S.C. §2000e-2 and M.G.L. c. 151B §4.

## COUNT II
## RETALIATION
## BY ALL DEFENDANTS

51. The Plaintiff restates the allegations in Paragraphs 1 through 50, and incorporates them by reference herein.

52. By the actions described above in Paragraphs 1 through 50, the Defendants retaliated against the Plaintiff because she opposed the Defendants' discriminatory employment practices and participated in an investigation of those practices, in violation of 42 U.S.C. §2000e-3 and M.G.L. c. 151B §4.

## COUNT III
## RACIAL HARASSMENT
## BY ALL DEFENDANTS

53. The Plaintiff restates the allegations in Paragraphs 1 through 53, and incorporates them by reference herein.

54. By the actions described above in Paragraphs 1 through 53, the Defendants subjected the Plaintiff to harassment that was racial or stemmed from racial animus, and that was pervasive and severe enough to alter the terms, conditions, and privileges of her employment, in violation of 42 U.S.C. §2000e-2 and M.G.L. c. 151B §4.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## BY DEFENDANTS MONTMINY, MCCARTHY, KIRKLAND,
## BEVINS, NATHANS, AND SARKIS

55. The Plaintiff restates the allegations in Paragraphs 1 through 54, and incorporates them by reference herein.

56. By the actions described above in Paragraphs 1 through 54, the Defendants are liable to the Plaintiff for infliction of emotional distress because:

   a. they intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of their conduct;

   b. their conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community;

   c. their actions were the cause of the Plaintiff's distress; and,

   d. the emotional distress suffered by the Plaintiff was severe and of such a nature that no reasonable person could be expected to endure it.

## COUNT V
## DEFAMATION
## BY DEFENDANTS SARKIS, MONTMINY, MCCARTHY AND NATHANS

57. The Plaintiff restates the allegations in Paragraphs 1 through 56, and incorporates them by reference herein.

58. By the actions described above in Paragraphs 1 through 56, the Defendants are liable to the Plaintiff for defamation because:

   a. they made false, defamatory, and libelous statements;

   b. those statements were published to a third party;

   c. the statements were of and concerning the Plaintiff;

   d. the statements were false or, if true, were made with actual malice; and,

   e. the plaintiff was damaged as a result because the statements injured her reputation in the community, exposed her to hatred, ridicule, and contempt, and because they affected the Plaintiff in her trade and profession.

**WHEREFORE**, the Plaintiff respectfully requests that this Court award:

1. Compensatory damages including back pay, front pay, medical expenses and emotional distress;

2. Punitive damages against the individual defendants;

3. An injunction awarding the Plaintiff her full job and title, her salary and seniority restored to previous levels, her file cleared of any pending and past disciplinary action, and a prohibition on the continuation of these unlawful employment practices;

4. Reasonable costs of this litigation including attorney's fees; and,

5. Whatever such relief as this Court deems necessary and just.

**DEMAND FOR A JURY TRIAL**

A jury trial is hereby demanded on all counts.

                                                  Respectfully submitted,
Plaintiff Diane Lackiram,
By her attorneys,

/s/ Stephen Hrones
Stephen Hrones
BBO No. 242860
Jessica D. Hedges
BBO No. 645847
Hrones & Garrity
Lewis Wharf – Bay 232
Boston, MA 02110-3927
(617) 227-4019

DATED: December 10, 2004

11

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Diane Luctoram

**DEFENDANTS**
Linda Montmmy, Pat McCarthy, Faith Hurtland, Rosemary Bevins, Ruth Nathan, Lila Surtis, Diane Enox, Gerald J Morrissey, Ron Preston

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Hillsborough NH
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Stephen Hrones, Hrones + Garrity
Lewis Wharf - Bay 232
Boston, MA 02110   617 2274019

**ATTORNEYS (IF KNOWN)**
04-12592 GAO

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
42 U.S.C. 2000 et. seq. This is a civil complaint for discrimination in employment

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | |

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Other

**PERSONAL INJURY**
☐ 362 Personal Injury—Med Malpractice
☐ 365 Personal Injury—Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23
DEMAND $ TBD
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 12/10/04

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Diane Cochram v._
   _Linda Montminy et al._

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

   **04 - 12592 GAO**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   _NA_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                      YES    **(NO)**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                      YES    **(NO)**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                      YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                      YES    **(NO)**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                      YES    NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       **(EASTERN DIVISION)**  CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Stephen Hrones_
ADDRESS _Lewis Wharf Bay 232 Boston MA 02110_
TELEPHONE NO. _617 227 4019_

(Cover sheet local.wpd - 11/27/00)