UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE LACKIRAM<br>    Plaintiff,<br><br>v.<br><br>LINDA MONTMINY, PAT MCCARTHY,<br>FAITH KIRKLAND, ROSEMARY BEVINS,<br>RUTH NATHANS, LILA SARKIS,<br>DIANE ENOX, Deputy Commissioner of the<br>Massachusetts Department of Mental Retardation,<br>GERALD J. MORRISSEY, Commissioner of the<br>Massachusetts Department of Mental Retardation,<br>and RON PRESTON, Secretary of the<br>Massachusetts Office of Health and Human<br>Services<br>    Defendants. | C.A. No. 04-12592-GAO |

**PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND HER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Now comes the Plaintiff, Diane Lackiram, and hereby opposes the summary judgment motion of the Defendants and submits this cross-motion for summary judgment on Count 1 of her complaint. As grounds therefore, the Plaintiff incorporates her L.R. 56.1 statement of material facts and submits this memorandum of law.

## INTRODUCTION

The Plaintiff filed her complaint pursuant to Title VII, the Massachusetts anti-discrimination statute, and state law tort claims. Specifically, the Plaintiff alleges that the Defendants subjected her to racially disparate treatment in the terms and conditions of her employment, retaliated against her for opposing discriminatory practices, engaged in racial harassment and intentionally inflicted emotional distress upon her, in violation of 42 U.S.C. §2000e-2 et seq., M.G.L. c. 151B and the common law.

On June 5, 2006, the Defendants filed a motion for summary judgment. In their supporting memorandum, they argue for summary judgment on Plaintiff's claims of disparate treatment, retaliation and defamation. They have not asked for summary judgment on Plaintiff's claims of racial harassment/hostile work environment or intentional infliction of emotional distress.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The evidence before the Court must be construed "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000).

Once the moving party has served a properly supported motion asserting entitlement to summary judgment, the burden is on the non-moving party to present evidence showing the existence of a trial-worthy issue. Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 39 (1st Cir. 2004), citing Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). For the purpose of summary judgment, an issue of fact is "genuine" if it "may reasonably be resolved in favor of either party." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994) (citations omitted). "Material" facts are those which possess "the capacity to sway the outcome of the litigation under the applicable law." Nat'l Amusements v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995).

**ARGUMENT**

I. **THE PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HER DISPARATE TREATMENT CLAIM AND THE DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON ANY OF THE PLAINTIFF'S CLAIMS**

The Plaintiff is entitled to summary judgment on her disparate treatment claim and is entitled to proceed to trial on all other claims.[1] The Plaintiff contends that there is no material dispute of fact as to her claim that the Defendants subjected her to racial discrimination. Furthermore, she has produced sufficient evidence to defeat the Defendants' motion for summary judgment on her claim for retaliation. Finally, as the Defendants have not requested summary judgment on the Plaintiff's claims for racial harassment and intentional infliction of emotional distress, the Plaintiff is entitled to proceed to trial on those claims as well.

A. **THE PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HER DISPARATE TREATMENT CLAIM BECAUSE THE DEFENDANTS HAVE ADMITTED THAT THEY DISCRIMINATED AGAINST THE PLAINTIFF ON THE BASIS OF RACE**

The Plaintiff is entitled to summary judgment on her claim of disparate treatment because the Defendants have admitted that they subjected the Plaintiff to discrimination in the terms and conditions of her employment based on race and color. In Count One of the Plaintiff's complaint, she alleged that the Defendants subjected her to disparate treatment based on race and color:

> 50. By the actions described above in Paragraphs 1 through 48, the Defendants discriminated against the Plaintiff with respect to the terms and conditions of her employment based on her race and color, in violation of 42 U.S.C. §2000e-2 and M.G.L. c. 151B §4.

---

[1] The Plaintiff chooses not contest the Defendants' position on her claim for defamation.

Plaintiff's Complaint at ¶50.  In their Answer to Count One, the Defendants admitted the allegations set forth in that Count:

> 50. Admitted.

Def. Answer at ¶50.  Therefore, as the Plaintiff's allegation is not in dispute, she is entitled to summary judgment.

Pleadings are governed by Federal Rule of Civil Procedure 8.  That rule states that a party is required to respond to each of an adverse party's allegations and that a failure to deny is equivalent to an admission:

> (b) A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies…
>
> (d) Effect of Failure To Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.

Fed. R. Civ. P. 8.

Not only did the Defendants in this case fail to deny the Plaintiff's claim, but they in fact admitted it.  Thus, the truth of the allegation is now a matter of record.  See Federal Deposit Ins. Corp. v. Caporale, 931 F.2d 1, 3 (1st Cir. 1991); see also Meschino v. North Am. Drager, 841 F.2d 429, 436 (1st Cir. 1988) (holding, sua sponte, that plaintiff had not failed to prove an element of her claim because, in fact, the defendants admitted it in their answer, even though plaintiff never cited Rule 8 to the district or appellate courts in arguing against entry of judgment as a matter of law for the defendants).  Therefore, because there is no genuine dispute as to the Defendants' liability on this Count, the Plaintiff is entitled to summary judgment.

### B. THE DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON COUNT TWO OF THE PLAINTIFF'S COMPLAINT BECAUSE SHE HAS PRESENTED SUFFICIENT EVIDENCE OF RETALIATION

The Plaintiff has presented sufficient evidence of retaliation to defeat the Defendant's motion for summary judgment. As a preliminary matter, she has offered sufficient prima facie evidence that (i) she engaged in protected conduct,[2] (ii) she was thereafter subject to an adverse employment action, and (iii) a causal connection exists between the protected conduct and the adverse employment action. Ramirez Rodriguez v. Boehringer Ingelheim Pharmaceuticals, Inc., 425 F.3d 67, 84 (1st Cir. 2005); see also Kosereis v. Rhode Island, 331 F.3d 207, 213 (1st Cir. 2003) (describing the prima facie case as a "small showing" that is "not onerous" and is "easily made.") Only the third element of the prima facie test is in dispute.[3]

As the Plaintiff has made this minimal showing, the burden then shifts to the Defendants to articulate a legitimate, nondiscriminatory reason for their employment decisions. Even if the Defendants have presented such a reason,[4] which the Plaintiff

---

[2] Although the Defendants do not dispute the sufficiency of evidence on the first prong of the retaliation test, the Court should note that "the employment activity or practice that [the Plaintiff] opposed need not be a Title VII violation so long as [the Plaintiff] had a reasonable belief that it was, and [she] communicated that belief to [her] employer in good faith. Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 261-62 (1st Cir. 1999).

[3] At one point in their memorandum, the Defendants half-heartedly argue that the Plaintiff suffered no adverse employment action sufficient to satisfy the prima facie test for retaliation. See Def. Memo Sum Judg. at 19. Yet it is undisputed that the Plaintiff's pay was docked *after* she complained about race discrimination. See Def. Memo Sum Judg. at 20. There can be no dispute that docking an employee's pay is an adverse employment action. Moreover, the Supreme Court recently modified the proof required for showing adverse employment action. It held that "a plaintiff must [only] show that a reasonable employee would have found the challenged action materially adverse, which in this context means it…might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern & Santa Fe Ry. v. White, 2006 U.S. LEXIS 4895 at **26-27 (U.S. June 22, 2006).

[4] The entire section of Defendants' memorandum relating to the Plaintiff's retaliation claim deals with whether or not the Plaintiff has satisfied her prima facie burden. See Def. Memo. Sum. Judg. at 18-22. Nowhere do the Defendants assert a legitimate non-discriminatory reason for their actions, nor do they even address the issue of pretext in their discussion of the retaliation claim.

disputes, the Plaintiff has demonstrated sufficient evidence that the Defendants' proffered reason is pretext masking illegal retaliation.  Id.  Such evidence of pretext may alone ground a finding of liability.  Fite v. Digital Equip. Corp., 232 F.3d 3, 7 (1st Cir. 2000).

**1. The adverse employment action and the protected activity were causally connected**

The Plaintiff has clearly presented sufficient evidence of causal connection to defeat summary judgment.  Drawing all inferences in favor of the Plaintiff, the record shows that several acts of retaliation occurred within minutes of protected activity.

It is well-settled that temporal proximity is one method of proving causal connection.  See Wyatt v. City of Boston, 35 F.3d 13, 16 (1st Cir. 1994) (per curiam) (stating that "one way of showing causation is by establishing that the employer's knowledge of the protected activity was close in time to the employer's adverse action."); see also Mesnick v. Gen. Elec. Co., 950 F.2d 816, 828 (1st Cir. 1991) (stating that "there are many sources of circumstantial evidence that…can demonstrate retaliation…[including] temporal proximity of an employee's protected activity to an employer's adverse action."); Oliver v. Digital Equip. Corp., 846 F.2d 103, 110 (1st Cir. 1988) (discharge occurring "soon after" employee engages in protected conduct "is indirect proof of a causal connection between the firing and the activity because it is strongly suggestive of retaliation.")

In the case at bar, the Plaintiff has shown that the Defendants' retaliation against her was nearly simultaneous with the protected activity.  On April 23, 2003, the Plaintiff had a meeting scheduled with several of the Defendants to discuss her complaints of race discrimination.  Five minutes before that meeting and five minutes after it, the Plaintiff was told her pay was being docked for failure to properly document sick and personal

6

time, respectively. See Pl. Stmnt. Mat Facts at ¶7. This action was taken in violation of the collective bargaining agreement which required a demonstrated pattern of abuse before the employer could request medical documentation to justify missed work. See Pl. Stmnt. Mat Facts at ¶8.

The Plaintiff next engaged in protected activity on June 24, 2003, when she received a phone call from Lisa Harrison, of the Department's Affirmative Action Office. During that call, the Plaintiff informed Harrison that she intended to file a complaint with the MCAD because the issues raised in her April 23, 2003 meeting with Defendant Montminy were not being addressed. Immediately thereafter, Defendant Sarkis entered the room and told the Plaintiff that she was being given an informal warning for improper phone use. Two weeks later, the Plaintiff was given a formal warning for attendance issues, despite the fact that she had recently had an evaluation on June 19, 2003 that contained no mention of any attendance problems. See Pl. Stmnt. Mat Facts at ¶¶9-14.

This is unlike cases in which temporal proximity alone did not raise an inference of causation sufficient to defeat summary judgment. See Dressler v. Daniel, 315 F.3d 75, 80 (1st Cir. 2003) (where retaliatory act occurred two years later, court upheld granting of summary judgment, noting that "[t]he inference of a causal connection becomes more tenuous with time."); Mesnick, 950 F.2d at 828 (observing that a nine-month period between the protected conduct and adverse action suggested the absence of any causal connection); Benoit v. Tech. Mfg. Corp., 331 F.3d 166, 175 (1st Cir. 2003) (one year is too remote); but see O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1253 (10th Cir. 2001) (one-and-a-half months is sufficiently close in time to show causal connection); Dey v. Colt Constr. & Dev. Co., 28 F.3d 1446, 1458 (7th Cir. 1994) (four weeks

sufficiently close); Peterson v. Scott County, 406 F.3d 515, 524 (8th Cir. 2005) (fifteen days sufficiently close).

In the case at bar, the protected activities were the April 23 meeting with Montminy, Nathans and Sarkis, and the June 24 phone call from Harrison. The two instances of pay docking occurred within minutes of the first protected activity. The decision to issue the informal warning was nearly simultaneous with the phone call and the fourth instance, the formal attendance warning, was written approximately two weeks later.[5]  See Pl. Stmnt. Mat Facts at ¶¶7-12.

Furthermore, the Plaintiff has offered additional circumstantial evidence suggestive of causal connection. With respect to the two instances of pay docking, there is no evidence in the record that the Plaintiff had ever before been required to produce documentation to justify time off prior to her complaints of discrimination, nor had the Defendants documented a pattern of abuse of sick or personal time as required by the collective bargaining agreement. See Pl. Stmnt. Mat Facts at ¶8. With respect to the formal warning for attendance, absolutely no mention of any negative attendance issues was made on the Plaintiff's bi-annual evaluation, which had occurred just weeks prior. See Pl. Stmnt. Mat Facts at ¶9. Moreover, all of the cited instances of tardiness and absenteeism were *after* the Plaintiff's January, 2003 complaint to Defendant Sarkis regarding the discriminatory treatment of Jones.

---

[5] The relevant inquiry is when the *decision* was made to issue the warning, not when it was actually typed Although the formal warning for attendance was dated July 11, all entries after July 9 are handwritten, suggesting that the warning was typed sometime in the first week of July, 2003. See Pl. Stmnt. Mat Facts at ¶¶13-14. Drawing all inferences in the Plaintiff's favor, this Court should find that the *decision* to issue the warning was made several days before July 11.

**2. The Defendants' claimed justifications are pretextual**

Even if the Defendants' have asserted a legitimate non-discriminatory reason for their actions, which the Plaintiff contests, the Plaintiff has raised a triable dispute on the issue of pretext. Specifically, she has shown that the Defendants proffered reasons for their actions should not be believed.

To evaluate a Plaintiff's evidence of pretext, this Court must determine "whether, viewing the aggregate package of proof offered by [the Plaintiff] and taking all inferences in [her] favor, [the Plaintiff] has raised a genuine issue of fact as to whether the [adverse employment action] was motivated by [race] discrimination." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 54 (1st Cir. 2000) (internal citations and quotations omitted). Summary judgment must be denied "if the record includes sufficient competent evidence from which a reasonable jury could (although it need not) infer that the employer's claimed reasons...were pretextual and that the decision was the result of discriminatory animus." Dominguez-Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 431 (1st Cir. 2000) (internal citations and quotations omitted). In making a showing at this final stage, evidence used to support the prima facie case is considered along with other evidence before the Court to determine whether there exists a triable fact on the ultimate issue of retaliation. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000).

It is important to note that there is no "mechanical formula" for finding pretext. Feliciano de la Cruz, 218 F.3d at 6. It is the type of inquiry where "everything depends on the individual facts." Thomas v. Eastman Kodak Co., 183 F.3d 38, 57 (1st Cir. 1999) (internal citations omitted). As such, courts should be "particularly cautious" about

taking such questions out of the jury's hands.  Hodgens, 144 F.3d at 167; see also Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990) ("This court has consistently held that determinations of motive and intent, particularly in discrimination cases, are questions better suited for the jury, as proof is generally based on inferences that must be drawn, rather than on the proverbial 'smoking gun.'")

In the case at bar, the record demonstrates that the Defendants' stated reasons for their decisions were not the true motivating factors in their adverse employment actions.  Rather, the Plaintiff has produced substantial evidence that the real reason that the Defendants twice docked the Plaintiff's pay and gave her a formal and informal warning was because they were angry that she had spoken up about discrimination and had not minded her own business as she had been instructed to do when speaking up for Jones.

This case is stronger than Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 180 (2d Cir. 2005), in which the court found that closeness in time between protected activity and adverse action alone gave rise to a triable issue on pretext.  In Jute, the plaintiff claimed that, as a result of her participation in a discrimination suit, she was subject to retaliation, including reassignment, failure to promote, and eventually termination.  Id. at 170.  The defendant contended that the termination was due to corporate restructuring and offered other legitimate explanations for why the plaintiff's duties were changed and why she was not promoted.  Id. at 179-80.  In overturning the lower court's grant of summary judgment, the court found sufficient evidence of pretext from the simple fact that the first act of retaliation occurred one day after the first protected activity.  Id. at 180; see also Quinn v. Green Tree Credit Corp., 159 F.3d 759, 770 (2d Cir. 1998) (finding triable issue on pretext where protected activity and adverse action were close in

10

time and the defendant's asserted non-retaliatory explanations were generated by two of the alleged perpetrators of discrimination).

In the case at bar, several acts of retaliation occurred on the same day as the protected activity, closer in time than Jute. Similar to Quinn, to the extent the Defendants have asserted any supposed non-retaliatory justification for their actions, the supporting proof of these explanations has been generated by the alleged perpetrators of discrimination. Moreover, the Plaintiff has additional evidence of pretext, namely the positive bi-annual evaluation issued just two weeks before her formal warning for "unacceptable attendance" and the lack of any attendance-related discipline prior to her engaging in protected activity,[6] which makes her case even stronger than the plaintiffs in Jute and Quinn. See also Dey, 28 F.3d at 1460-61 ("A detailed refutation of events which underlie the employer's negative performance assessment demonstrates that the employer may not have honestly relied on the identified deficiencies in making its decision.") As such, a trier of fact could conclude that the Defendants' proffered reasons for its actions are pretextual, masking discriminatory animus.

## CONCLUSION

The Plaintiff has demonstrated that the Defendants have not raised a material dispute as to her claim for disparate treatment and that she is entitled to proceed to trial on all other claims. Therefore, the Plaintiff respectfully requests that this Court deny the Defendants' motion for summary judgment and grant her cross-motion for partial summary judgment.

---

[6] The Defendants claim that the Plaintiff had a "long history of counseling and suspensions for unacceptable attendance" while at the Fernald Center, before coming to Hogan in 2002. See Def. Memo Sum. Judg. at 20. Yet the citation to the record supporting such a claim is incorrect. A review of the affidavits submitted in connection with this motion make no mention of any pre-2003 attendance issues.

|  |  |
|---|---|
|  | Respectfully Submitted,<br>Plaintiff Diane Lackiram<br>By her attorneys |
|  |  |
| DATED: July 14, 2006 | //s// Michael Tumposky<br>Stephen Hrones<br>BBO No. 242860<br>Jessica D. Hedges<br>BBO No. 645847<br>Michael Tumposky<br>BBO No. 660618<br>Hrones, Garrity & Hedges, LLP<br>Lewis Wharf-Bay 232<br>Boston, MA 02110-3927<br>T) 617-227-4019 |

**CERTIFICATE OF SERVICE**

I, Michael Tumposky, hereby certify that on this the 14th of July, 2006, I have served a copy of this document, where unable to do electronically, by first-class mail to Charles M. Wyzanski, the Office of the Massachusetts Attorney General, 1 Ashburton Place, Boston, MA 02108.

//s// Michael Tumposky
Michael Tumposky