UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE LACKIRAM } | |
|     Plaintiff, } | |
| } | |
| v. } | C.A. No. 04-12592-GAO |
| } | |
| LINDA MONTMINY, PAT MCCARTHY, } | |
| FAITH KIRKLAND, ROSEMARY BEVINS, } | |
| RUTH NATHANS, LILA SARKIS, } | |
| DIANE ENOX, Deputy Commissioner of the } | |
| Massachusetts Department of Mental Retardation, } | |
| GERALD J. MORRISSEY, Commissioner of the } | |
| Massachusetts Department of Mental Retardation, } | |
| and RON PRESTON, Secretary of the } | |
| Massachusetts Office of Health and Human } | |
| Services } | |
|     Defendants. } | |

**PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' MOTION TO AMEND**

Now comes the Plaintiff, Diane Lackiram, and hereby opposes the Defendants' Motion to Amend. As grounds therefore, the Plaintiff submits this memorandum of law.

**PROCEDURAL BACKGROUND**

On December 13, 2004, the Plaintiff filed a multi-count complaint. In Count I, she alleged that she was the victim of discrimination based on race in the terms and conditions of her employment. On February 2, 2005, the Defendants answered her complaint and admitted the Plaintiff's disparate treatment allegation. On July 14, 2006, the Plaintiff filed a cross-motion for summary judgment on the grounds that, since the Defendants admitted the allegations in Count I, there were no material facts in dispute and she was entitled to summary judgment on that Count. The Defendants never opposed that motion. On October 19, 2006, the day of oral argument on the parties' cross-motions for summary judgment, the Defendants moved to amend their answer.

**ARGUMENT**

I. **THE DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE IT IS UNTIMELY AND THEY HAVE NOT MADE A SHOWING OF EXCUSABLE NEGLECT**

The power to deny a motion to amend is left to the Court's sound discretion. See Hatch v. Dep't for Children, 274 F.3d 12, 19 (1st Cir. 2001). Although Fed. R. Civ. P 15(a) states that "leave shall be freely given when justice so requires," an appellate court will uphold the denial if "there appears to be an adequate reason for [it] (e.g., undue delay, bad faith, dilatory motive…or futility." States Res. Corp. v. Architectural Team, Inc., 433 F.3d 73, 83 (1st Cir. 2005), quoting Hatch, 274 F.3d at 19.

Defendants bear the burden of providing a valid reason for their delay in moving to amend. Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983). In addition, "parties desiring to amend a pleading after their opponent has moved for summary judgment must meet a higher bar than is required of those seeking amendment at an earlier stage." City of Revere v. Boston/Logan Airport Assocs., LLC, 2006 U.S. Dist. LEXIS 57691 at *7 (D. Mass. July 13, 2006) (Gorton, J.), citing Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).

Even without a showing of prejudice, leave to amend may be denied "in the face of extraordinarily long and essentially unexplained delay." Andrews v. Bechtel Power Corp., 780 F.2d 124, 138 (1st Cir. 1986). Although "mere passage of time need not result in a denial of leave to amend," there comes a time when "delay becomes fatal." Chitimacha Tribe of Louisiana v. Harry L. Laws Co., 690 F.2d 1157, 1163 (5th Cir. 1982). In the case at bar, the Court would be within its discretion in denying the

Defendants' motion because of the long, undue delay and the Defendants' failure to explain or excuse that delay.

Indeed, the entirety of Defendants' motion is an argument that they meant to deny the Plaintiff's discrimination claim, but due to an oversight they admitted it instead. Even if this were true, they offer no explanation for why they waited twenty months from the filing of their answer, thirteen months from the scheduling deadline on amendments, and three months from the filing of Plaintiff's cross-motion for summary judgment before moving to amend this "simple mistake."  See Def. Motion to Amend, pg. 1.

Furthermore, the Defendants cite no case law in support of their motion. Yet numerous cases in this Circuit suggest that the Defendants' twenty-month delay is indeed "undue" and that their failure to offer an excuse for their neglect is a sufficient reason to deny the motion. See, e.g., Barrett v. Foster Grant Co., 450 F.2d 1146, 1149 (1st Cir. 1971) (no abuse of discretion in refusing to permit amendment of answer after more than a year); Darling's, D/B/A Darling's Auto Mall v. General Motors Corp., 2006 U.S. Dist. LEXIS 19283 at *3 (D. Me. April 11, 2006) (denying motion to amend filed nine months after answer); Espinosa v. Sisters of Providence Health Sys., 2005 U.S. Dist. LEXIS 4444 at **3-4 (D. Mass. Mar. 18, 2005) (eight months is too long); Johnson v. Spencer Press of Me., 2002 U.S. Dist. LEXIS 20991 at *7 (D. Me. Oct. 31, 2002) (denying motion to amend answer two months after the deadline for amendment of pleadings and two weeks prior to the close of discovery because no evidence of excusable neglect was offered).

In addition, this Court should be particularly cautious in allowing an amendment which was requested in response to the Plaintiff's motion for summary judgment.

3

Boston/Logan Airport Assocs., 2006 U.S. Dist. LEXIS 57691 at *7 (denying motion to amend where party "moved for leave to amend approximately three weeks after [parties] filed the pending cross-motions for summary judgment, more than six months after those same parties filed an initial set of dispositive motions and more than two-and-a-half years" after the original answer was filed); Cianchette v. Bank of New Eng., 1991 U.S. Dist. LEXIS 1653 at **28 (D. Me. Jan. 25, 1991); citing Kennedy v. Josephthal & Co., 814 F.2d 798, 806 (1st Cir. 1987) ("[T]he Court cannot ignore the fact that [the] motion to amend [the] Answer was made on the day of the Bankruptcy Court's hearing to address [the] motion for summary judgment. The strong presumption in such circumstances is that the motion for leave to amend was improperly advanced to avoid an adverse summary judgment. Such illicit eleventh hour motions to amend must be denied.")

## **CONCLUSION**

Therefore, the Plaintiff respectfully requests that this Court deny the Defendants' motion.

Respectfully Submitted,
Diane Lackiram
By her attorneys


//s// Michael Tumposky
Stephen Hrones
BBO No. 242860
Jessica D. Hedges
BBO No. 645847
Michael Tumposky
BBO No. 660618
Hrones, Garrity & Hedges
Lewis Wharf-Bay 232
Boston, MA 02110-3927
T) (617) 227-4019

4

**CERTIFICATE OF SERVICE**

      I, Michael Tumposky, hereby certify that, on this the 25th day of October, 2006, I have served a copy of this document, where unable to do so electronically, by first-class mail to all counsel of record in this matter.

                                                //s// Michael Tumposky
                                                Michael Tumposky