UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12592-GAO

DIANE LACKIRAM,
Plaintiff

v.

LINDA MONTMINY et al.,
Defendants

ORDER
November 30, 2006

O'TOOLE, D.J.

The plaintiff's complaint against the defendants alleges five counts: (1) employment discrimination on the basis of her race and color in violation of 42 U.S.C. § 2000e-2 and Mass. Gen. Laws c. 151B §4, (2) retaliation, (3) racial harassment, (4) intentional infliction of emotional distress, and (5) defamation. After the defendants moved for summary judgment on counts one, two, and five, the plaintiff filed her opposition and her own cross-motion for summary judgment as to count one. The basis for the cross-motion is that the defendants admitted liability under count one in their answer.[1]  The defendants argue that the admission was "nothing other than a simple mistake," and so in the interest of justice, the court should allow the answer to be amended.

---

[1] Paragraph 50 of the plaintiff's complaint alleges:

"50. By the actions described above in Paragraphs 1 through 48, the Defendants discriminated against the Plaintiff with respect to the terms and conditions of her employment based on her race and color, in violation of 42 U.S.C. § 2000e-2 and Mass. Gen. Laws c. 151B § 4."

The defendants' answer to this paragraph was:

"50. Admitted."

It appears that the defendants' admission to the allegation of racial discrimination was indeed a mistake. In the same pleading, the defendants denied all the specific factual allegations set forth in the preceding numbered paragraphs upon which the concluding allegation set forth in paragraph 50 was predicated. The admission is plainly inconsistent with the specific denials of the relevant factual allegations, and it is a fair inference that the admission was not intended.

I find that permitting the defendants motion to amend their answer would be in accordance with the liberal amendment philosophy of Rule 15(a), which allows leave to amend to be "freely given" if "justice so requires". Fed. R. Civ. P. 15(a). Accordingly, I GRANT the defendants' motion to amend their answer (dkt. no. 22) to change the admission to a denial, consistent with the balance of their answer.

The answer having been thus amended, I find there are genuinely disputed questions of material fact that make summary judgment on any of the counts inappropriate. I therefore DENY both the defendants' motion for partial summary judgment, (dkt. no. 11) and the plaintiff's cross-motion for summary judgment (dkt. no. 20).

It is SO ORDERED.

|  November 30, 2006  | /s/ George A. O'Toole, Jr. |
|---|---|
| DATE | DISTRICT JUDGE |