UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE LACKIRAM<br>    Plaintiff,<br><br>v.<br><br>LINDA MONTMINY, PAT MCCARTHY,<br>FAITH KIRKLAND, ROSEMARY BEVINS,<br>RUTH NATHANS, LILA SARKIS,<br>DIANE ENOX, Deputy Commissioner of the<br>Massachusetts Department of Mental Retardation,<br>GERALD J. MORRISSEY, Commissioner of the<br>Massachusetts Department of Mental Retardation,<br>and RON PRESTON, Secretary of the<br>Massachusetts Office of Health and Human<br>Services<br>    Defendants. | C.A. No. 04-12592-GAO |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

**Proof of Discrimination.** In order to prove she was discriminated against on the basis of race, Ms. Lackiram need only prove that her race was a substantial motivating factor in the employment decision. She is not required to prove that her race was the sole motivation or the primary motivation for the employment decisions. In addition, the Plaintiff is not required to produce direct evidence of unlawful motive. Intentional discrimination, if it exists, is seldom admitted, but is a fact which you may infer from the existence of other facts. You may infer discrimination from the showing of pretext, i.e. a showing that the Defendants' reasons for its actions are not credible. Your disbelief of the reasons put forward by the Defendants may suffice to show intentional discrimination. *Reeves v. Johnson Controls World Serv., Inc.*, 140 F.3d 144 (2d Cir. 1998); *Hazen Paper Co. v. Biggins*, 113 S.Ct. 1701 (1993); *St. Mary's Honor Ctr. v. Hicks*, 113 S.Ct. 2742, 2749 (1993).

**Statutory Proscription Against Discrimination.** The Civil Rights Act provides that "It shall be an unlawful employment practice for an employer--
  (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. §2000e-2.

**Adverse Employment Action.**  In order to show that the terms and conditions of her employment were altered, the Plaintiff must only show that a reasonable employee would have found the challenged action materially adverse, which in this context means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.  A series of minor incidents may rise to the level of an adverse employment action if you find that they cumulatively had the effect I just described.  A lateral transfer may be considered an adverse employment action.  A transfer need not result in a decrease in pay, title, or grade to qualify as adverse.  It can still be considered an adverse employment action if the new position is less prestigious or less interesting or provides less room for advancement.  Finally, adverse employment action can, although need be taken by the employer directly, for the Plaintiff to prevail.  Rather the Plaintiff prevails so long as the action is taken by someone who works for the Defendants and is in a position to effect the terms and conditions of the Plaintiff's employment in the ways I just described to you. *Sharp v. City of Houston*, 164 F.3d 923, 933 n.19 (5th Cir. 1999); *Burlington Northern & Santa Fe Ry. v. White*, 126 S. Ct. 2405, 2415 (2006).

**McDonnell Douglas Test.** If a Plaintiff establishes a prima facie case, it gives rise to an inference of discrimination.. The employer then must state a legitimate, nondiscriminatory reason for its decision. Generally, a Plaintiff establishes a prima facie case by showing that (1) she is a member of a protected class; (2) she was qualified for the job; (3) the employer took an adverse employment action against her; and (4) the position remained open or was filled by a person with similar qualifications. *See Dichner v. Liberty Travel*, 141 F.3d 24, 29-30 (1st Cir. 1998); *Zapata-Matos v. Reckitt & Colman, Inc.*, 277 F.3d 40, 44 (1st Cir. 2002); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993); *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 54 (1st Cir. 2000).

**Pretext.** The Plaintiff can show the employer's rationale is pretextual by showing that it was "(i) more likely motivated by discrimination than by the explanation proffered by [the Defendant], or (ii) the proffered explanation [is] unworthy of credence." *Straughn v. Delta Air Lines, Inc.*, 250 F.3d 23, 35 (1st Cir. 2001).

**Pretext Plus Not Required.**  There is no rigid requirement that the Plaintiff introduce a separate "plus" factor, such as a negative employer comment about the Plaintiff's protected class, in order to prove discrimination.  The Plaintiff may use the same circumstantial evidence to rebut the Defendants' legitimate non-discriminatory reasons for termination as he uses to establish that the Defendants' actions were racially motivated.  *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 57-58 (1st Cir. 1999).

**Statutory Proscription Against Retaliation.**  It is also unlawful for an employer to discriminate against an employee "for making charges, testifying, assisting, or participating in enforcement proceedings [or] because [she] has opposed any practice made an unlawful employment practice by this title or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing."  42 U.S.C. §2000e-3.

**Retaliation—Elements.** The Plaintiff will prevail on a retaliation claim when she shows, by a preponderance of the evidence, that 1) she engaged in a protected activity and that 2) the Defendants' retaliatory conduct was substantially motivated by that protected activity. As a matter of law, I instruct you that the Plaintiff's letters to her supervisors and her phone call with the Affirmative Action office were protected activities. Thus, the only question before you pertains to the Defendants' state of mind at the time they disciplined the Plaintiff, i.e. were they substantially motivated by a desire to retaliate. *Mt. Healthy City Sch. Dist. Bd. of Education v. Doyle,* 429 U.S. 274, 287 (1977).

**Retaliation-Good Faith Belief.** The employment activity or practice that the Plaintiff opposed need not be a Title VII violation so long as the Plaintiff had a reasonable belief that it was, and she communicated that belief to her employer in good faith. *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 261-62 (1st Cir. 1999).

**Substantially Motivated – Proof.** The Plaintiff can prove that the Defendants' adverse action was substantially motivated by her opposition to discrimination by both direct and indirect, i.e. circumstantial evidence. Direct evidence might include documentary or verbal evidence as to the reasons for the retaliatory action. However, a retaliatory state of mind typically is not susceptible to proof by direct evidence. Therefore, you may look to indirect or circumstantial evidence, which is evidence that can be inferred from the facts of the case, such as the closeness in time of the discipline to the Plaintiff's complaints of discrimination. Indeed, closeness in time alone is sufficient to show the causal connection between the Plaintiff's opposition and the retaliatory action taken against her. As a matter of law, I instruct you that if you find sufficient circumstantial evidence that the disciplinary action was substantially motivated by the Plaintiff's opposition to discrimination, you must find for the Plaintiff on her retaliation claim. *Powell v. Alexander*, 391 F.3d 1, 17 (1st Cir. 2004); *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).

**Retaliation-Temporal Proximity.** It is well-settled that temporal proximity is one method of proving causal connection. Indeed, if the adverse action occurs soon after employee engages in protected conduct, it is indirect proof of a causal connection between the discipline and the activity because it is strongly suggestive of retaliation. *See Wyatt v. City of Boston*, 35 F.3d 13, 16 (1st Cir. 1994); *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 110 (1st Cir. 1988).

**Constructive Discharge.** Constructive discharge is a label for treatment so hostile or degrading that no reasonable employee would tolerate continuing in the position. The standard is an objective one: the conditions must be so difficult or unpleasant that a reasonable person in the plaintiff's shoes would have felt compelled to resign. A constructive discharge can arise from, among other things, reassignment with significantly diminished job responsibilities, or a decision causing a significant change in benefits. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998); *Melendez-Arroyo v. Cutler-Hammer de P.R. Co.*, 273 F.3d 30, 36 (1st Cir. 2001); *Marrero v. Goya of Puerto Rico, Inc.*, 304 F.3d 7, 28 (1st Cir. 2002); *Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 54 (1st Cir. 2000).

3

**Damages – Lost Wages.** Generally, a person who is a victim of race discrimination is entitled to be made whole by an award of damages for all lost monies and benefits. Damages are meant to put the claimant in the economic position she would have occupied but for the discrimination. You, the jury, will determine any monetary damages in this case.  If you find that the Defendants discriminated against Ms. Lackiram, you must determine the amount of damages, if any, that have been sustained by her. This includes the dollar amount of what is called "back pay", or wages lost as a result of the Defendants' unlawful conduct, from the time of the discrimination to the present, as well as front pay, which is wages lost from the present up until the date that the Plaintiff's employment with the Defendants would have ended if not for the Defendants' unlawful conduct.  In calculating lost pay, unrealistic exactitude or absolute precision is not required. Any ambiguities or uncertainties in determining what any claimant would have earned but for the discrimination should be resolved against the discriminating employer. You may not rely on speculation or guesswork, but you may make an estimate of the amount of money that will constitute just and reasonable compensation based on the facts that are before you.  In this case, the measure of damages for lost wages resulting from a violation of the Civil Rights Act is the amount of money and benefits that Ms. Lackiram would have earned from the date that she left work to the date that she returned.  *Clarke v. Frank*, 960 F.2d 1146 (2d Cir. 1992); *Cohen v. West Haven Board of Police Commissioners*, 638 F.2d 496, 502 (2d Cir. 1980).

**Punitive Damages.**  In addition to compensatory damages, the law allows you to award an injured Plaintiff punitive damages, in order to punish the Defendant, and to serve as an example or warning to others not to engage in such conduct. Here, Ms. Lackiram claims that the acts of the Defendants were done with malice or with reckless indifference to Ms. Lackiram's right not to be discriminated against, that is, with malice or reckless indifference to her rights under the Civil Rights Act, which entitles her to an award of punitive damages. An employer acts with "reckless indifference" to an employee's rights when it acts in the face of a perceived risk that its actions will violate federal law.  If you find for the Plaintiff, and if you further find that Defendants did act with malice or reckless indifference to the rights of Ms. Lackiram, the law allows you to assess punitive damages against the Defendants, as punishment and as a deterrent to other employers. Whether to make any award of punitive damages is a matter exclusively within the province of the jury if you unanimously find that a Defendants' acts or omissions were with malice or with reckless indifference. Along with considering the purposes for the law, and the conditions under which the law permits awarding punitive damages, you should also keep in mind the requirement of the law that the amount of such punitive damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case. 42 U.S.C. §1981a; *Kolstad v. American Dental Ass'n*, 119 S. Ct. 2118, 2124 (1999).

**Bias of Officials as Witnesses.** Several of the witnesses are still employed by the Commonwealth of Massachusetts and hence are interested witnesses in the outcome of this case.  Their relationship with and employment by the Commonwealth are matters for you to consider, together with your observation of the witnesses and the testimony you

4

have heard, in determining whether they are biased in favor of the Defendant, and what weight you will give to their testimony.

**Compensatory Damages.** The fact that the Plaintiff's rights are found to have been violated, as a matter of law entitles her to actual damages. Therefore, if you decide for the Plaintiff on the issue of liability, you must then fix the amount of money damages, in addition to lost wages, that will reasonably and fairly compensate her for any harm which the conduct of the Defendants was a substantial factor in bringing about. Among the elements of injury and harm which you should consider are:

> 1. Any physical harm to the Plaintiff due to the Defendants' conduct, including ill health, physical pain, disability, or discomfort.
> 2. Any emotional and mental harm to the Plaintiff due to the Defendants' conduct, including fear, humiliation, and mental anguish, and any emotional harm, fear, or mental anguish that Plaintiff will, with reasonable certainty, suffer in the future. This measure of damages is commonly known as emotional distress damages.

**Emotional Distress Damages – Specifically.** In determining the Plaintiff's damages for emotional distress, you are to fairly compensate her for past, present and future pain and suffering associated with her emotional distress including compensation for mental anguish, humiliation, nervous shock, emotional disturbance, fright, terror, alarm and anxiety. You may include in your award any amount that you feel will fairly compensate the Plaintiff for deterioration of her health, for future medical psychiatric and counseling expenses, and for impairment of her future earning capacity resulting from the emotional distress.

**Interest.** If you have determined that compensatory damages should be awarded to the Plaintiff, you must also decide whether to award interest. This lawsuit was begun years ago, and you may award interest on the sum which you have decided is an appropriate compensatory damage award, from that time to the present. Whether you do award interest should depend upon whether you conclude that interest is necessary to compensate the Plaintiff fully for any injury suffered, bearing in mind that the Plaintiff has not had the use of the damages you award during the time this litigation has been pending. If you do award interest, the actual sum will be computed by the clerk at the rate provided by the law. *Furtado v. Bishop*, 604 F.2d 80 (1st Cir. 1980).

                                        Respectfully Submitted,
                                        Plaintiff Diane Lackiram
                                        By her attorneys


DATED: February 13, 2008                //s// Michael Tumposky
                                        Stephen Hrones
                                        BBO No. 242860
                                        Michael Tumposky

> BBO No. 660618
> Hrones, Garrity & Hedges
> Lewis Wharf –Bay 232
> Boston, MA 02110
> (617) 227-4019

**CERTIFICATE OF SERVICE**

I, Michael Tumposky, hereby certify that, on this the 13th day of February, 2008, I served a copy of this document, where unable to do so electronically, by first-class mail on all counsel of record in this matter.

> //s// Michael Tumposky
> Michael Tumposky