UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE LACKIRAM<br>    Plaintiff,<br><br>v.<br><br>LINDA MONTMINY, PAT MCCARTHY,<br>FAITH KIRKLAND, ROSEMARY BEVINS,<br>RUTH NATHANS, LILA SARKIS,<br>DIANE ENOX, Deputy Commissioner of the<br>Massachusetts Department of Mental Retardation,<br>GERALD J. MORRISSEY, Commissioner of the<br>Massachusetts Department of Mental Retardation,<br>and RON PRESTON, Secretary of the<br>Massachusetts Office of Health and Human<br>Services<br>    Defendants. | C.A. No. 04-12592-GAO |

## PLAINTIFF'S REQUEST FOR VOIR DIRE QUESTIONS

Now comes the plaintiff, and moves that all the prospective jurors undergo individual voir dire as to the following questions in order to determine if they are unbiased jurors. Pursuant to such examination, the plaintiff moves that the following brief statement of facts of the case be put to the jurors.

> In this case, the plaintiff alleges that the defendants discriminated against her based on her race and that they retaliated against her when she complained of workplace discrimination. As a result, the plaintiff was forced to take a medical leave of absence, and suffered lost wages and emotional distress.
>
> The defendants deny the allegations.

### PROPOSED VOIR DIRE

1. Do you understand that you will be required to apply the burden of proof for a civil case, as the Court will instruct you at the end of the trial, and that plaintiff will not be required to prove his claims "beyond a reasonable doubt?

2. Do you understand that the burden in a civil case is "preponderance of the evidence" which means that the plaintiff must only prove that a particular fact or claim is more likely true than not.

3. Have you ever been a plaintiff or a defendant in a civil case? If so, what was the nature of the case? Did it go to trial or was it settled out of court? Is there anything about that prior experience with the legal system that would make it difficult for you to sit as a fair and impartial juror in this case?

4. Have you ever been a witness in a civil trial before? Did you give a deposition or testify in court or both? What was the nature of the case? Is there anything about that prior experience as a witness in a civil case that would make it difficult for you to sit as a fair and impartial juror in this case?

5. Other than being a litigant or a witness in a case, have you had what you would describe as a "bad experience" with the legal system that you believe would make it difficult for you to sit as a fair and impartial juror in this case?

6. Have you (or member of your immediate family) ever made a claim against another person, firm, corporation, or the government for money damages - even if the claim did not end up with a lawsuit being filed (this includes automobile accidents, slip and fall, product liability claims, worker's compensation claims, and similar types of claims), wherein you sought money damages or other civil relief? If so, was there anything about your experience that in any way would prevent you from giving either party a fair trial?

7. Have you ever pursued a grievance against an employer? Have you ever testified in a grievance proceeding? If so, was there anything about your experience that in any way would prevent you from giving either party a fair trial?

8. This case is about an individual who claims that the defendants discriminated against her and retaliated against her for opposing their discrimination. Is there anything about these allegations which would make it difficult for you to be fair and impartial?

9. Do you have feelings about the Civil Rights Act which would make it difficult for you to be fair and impartial in this case?

10. Have you ever been employed by the Commonwealth of Massachusetts or the Department of Mental Retardation?

11. Have you or anyone in your immediate family owned your own business? Is there anything about that prior experience that would make you favor one side over the other?

12. Have you had, as a major job responsibility, the supervising of employees (e.g., issue written warnings, put employees on probation, suspend employees) as part of your job? Is there anything about that prior experience that would make you favor one side over the other?

13. Do you believe in a person's right to file suit against an employer? Do you believe you should never sue an employer? Do you believe that an employer's management should not have to obey laws prohibiting discrimination?

14. Do you believe in, and agree with, our civil justice system which allows a person to bring a dispute to a group of citizens such as you to resolve by jury trial?

15. Do you believe or have you ever said that there are too many frivolous lawsuits or that most lawsuits are frivolous?

16. Do you have strong feelings about lawsuits such that it would be difficult for you to be fair and objective?

17. If you (or a member of your family) were injured emotionally, physically, or financially as a result of someone else's wrongdoing, would you consider seeing a lawyer or bringing a lawsuit? Would you never seek out a lawyer, no matter what?

18. Do you agree that each case - in particular this case - should be judged on its own merit, and cannot be influenced by your opinion or someone else's opinion about a different lawsuit that you might have heard or read about?

19. Have you heard of an award of damages that you felt was excessive or too high? Have you ever personally known someone who received a jury verdict that you felt was excessive? Have you ever heard of a jury verdict you felt was too low?

20. Do you have negative feelings or opinions about people who bring discrimination lawsuits - before you have heard any evidence in this case? Do you believe discrimination does not exist, that it's been eradicated? Do you believe that employees often sue for discrimination to cover up their own inadequacies?

21. Do you believe that an employer should be held accountable if the evidence supports a finding that management of an employer discriminated against an employee because of disability?

22. Do you believe that complying with anti-discrimination laws causes undue hardship on management of a employer, or interferes with the employer's ability to do its work? Do you believe that obeying anti-discrimination laws hampers our country's competitiveness in the global markets?

23. Do you have bad feelings or opinions about "trial lawyers" that would interfere with your ability to be completely fair?

24. Have you, or any member of your immediate family, ever been accused of discriminating against another person on the job (or in any other setting - e.g. housing, public accommodations)?

25. Have you worked in the Personnel Department or Human Resources Department of an employer? Is there anything in that experience which would in any way affect your ability to sit as a fair and impartial juror in the case? Considering your background, can you sit in judgment and potentially render a verdict against an employer and in favor of the employee? Would you say that you might have a tendency to lean toward

management's or the corporation's point of view in a case involving an employment dispute?

26. Do you believe that just because an employer has a written policy against discrimination, that it means the employer always follows it and that there is never any discrimination? In other words, do you believe that if a employer has written policies and posters prohibiting discrimination, then the employer can never be liable for discrimination in the workplace?

27. Do you work for or are you a member of any business trade association, Local Chamber of Commerce, National Association of Manufacturers?

28. Have you been employed at a job that required adjusting or analyzing claims for money damages, or worked in the insurance industry, law enforcement, engineering, computer technology, and/or health/medicine?

29. Do you know of any other reasons or matters that have not been brought up that would cause you to be a person who should not be a juror in this case?

Respectfully Submitted,
Diane Lackiram
By her attorneys

DATED: February 13, 2008

//s// Michael Tumposky
Stephen Hrones
BBO No. 242860
Jessica D. Hedges
BBO No. 645847
Michael Tumposky
BBO No. 660618
Hrones, Garrity & Hedges
Lewis Wharf-Bay 232
Boston, MA 02110-3927
T) (617) 227-4019

**CERTIFICATE OF SERVICE**

I, Michael Tumposky, hereby certify that, on this the 13th day of February, 2008, I have served a copy of this document, where unable to do so electronically, by first-class mail to all counsel of record in this matter.

//s// Michael Tumposky
Michael Tumposky

4