UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| DIANE LACKIRAM | } |
|     Plaintiff, | } |
| | } |
| v. | }     C.A. No. 04-12592-GAO |
| | } |
| LINDA MONTMINY, PAT MCCARTHY, | } |
| FAITH KIRKLAND, ROSEMARY BEVINS, | } |
| RUTH NATHANS, LILA SARKIS, | } |
| DIANE ENOX, Deputy Commissioner of the | } |
| Massachusetts Department of Mental Retardation, | } |
| GERALD J. MORRISSEY, Commissioner of the | } |
| Massachusetts Department of Mental Retardation, | } |
| and RON PRESTON, Secretary of the | } |
| Massachusetts Office of Health and Human | } |
| Services | } |
|     Defendants. | } |

_____}

## JOINT PRE-TRIAL MEMORANDUM

The parties respectfully submit the following Pre-Trial Memorandum.

1.    <u>SUMMARY OF THE EVIDENCE</u>

**Plaintiff will offer the following evidence at trial:**

The Plaintiff, Diane Lackiram, has been an employee at the Massachusetts Department of Mental Retardation since 1981. She has attained a supervisory position known as MRW-4, which is three steps above entry level. Currently she is assigned to the Hogan Regional Center in Hawthorne, MA.

In January, 2003, the Plaintiff, who is African-American, became concerned about a below grade evaluation that the Defendants had given to another African-American employee, Derrick Jones, who was the Plaintiff's subordinate. Specifically, she was concerned that the evaluation was retaliation for his complaint made to the Commissioner of the Department alleging racial discrimination at their work site.

The Plaintiff requested to meet with her immediate supervisors about this evaluation, Defendant Nathans, the Division Director at the Hogan Regional Center, and Defendant Sarkis, the Assistant Division Director.  Prior to the meeting in response to Plaintiff's request, Defendant Nathans told to the Plaintiff, who is the only African-American supervisor, that she "did not fit in" at the Regional Center.  This statement was made in front of several coworkers.  At the meeting, the Defendants Sarkis and Nathans denied any knowledge of Jones' below grade evaluation.

In addition to Nathans' comment, the Plaintiff has endured various forms of disparate treatment during her time at the Regional Center.  One example of this treatment was that white supervisors were allowed to work overtime whereas the Plaintiff was not.  Additionally, Nathans had previously told the Plaintiff that she was relegated to the "back-burner" when it came to supervisory duties, and would only be given the more menial duties which could not be assigned to the other supervisors, none of whom were African-American

In April 2003, the Plaintiff wrote a letter to Nathan's supervisor, Defendant Linda Montminy, to complain about Nathans racially motivated comment, and other disparate treatment the Plaintiff was enduring.  Five minutes before her scheduled meeting with Montminy regarding this discrimination, Defendant Sarkis sent the Plaintiff a letter docking her two days pay for the alleged improper use and documentation of sick time.

At the meeting, Montminy stated that the Plaintiff had misunderstood Nathans comment that she didn't fit in, and that it was not racially motivated.  The Plaintiff expressed concern to Montminy that she would face retaliation for this meeting, to which Montminy replied "that is not our practice."  Five minutes after the meeting between the

Plaintiff and Montminy adjourned, Sarkis informed the Plaintiff that she was docking another days pay for the alleged improper use and documentation of personal leave.

On May 17, 2003, the Plaintiff spoke to Gerald Scott, the Affirmative Action Coordinator for the Department, about Nathans comments and her loss of pay. Scott promised to investigate the matter. On June 19, the Plaintiff received her performance evaluation, which contained entirely positive reviews and made no mention of the misuse of sick or personal time.

On June 24, the Plaintiff received a call from Lisa Harrison of the Affirmative Action Office during which the Plaintiff suggested she would take her claims to the MCAD since the Department was not investigating her case diligently. In fact, the Defendants' application of their policies and compliance procedures were in no way adequate to deal with the Plaintiff's claims of racial discrimination, or those of any employee. After the phone call with Harrison ended, Defendant Sarkis entered and told the Plaintiff she would be getting a letter of reprimand in her file for making a personal call during work hours, a reference to the call from Harrison. Prior to her July 31 meeting with Sarkis and Nathans regarding this letter of reprimand, the Plaintiff received a formal warning alleging misuse of sick and personal leave.

As a result of the Defendants' conduct, the Plaintiff has suffered severe emotional distress including sleeplessness, anxiety, elevated blood pressure, stress, and back problems, all requiring medical attention. The Plaintiff has also suffered marital and familial stress. Due to her medical condition caused by the Defendants' conduct, the Plaintiff was forced to take unpaid leave from work, and was absent from April 2004 through 2007.

**Defendants will offer the following evidence at trial:**

The defendants, individually and collectively, never took any actions against Ms. Lackiram which were either discriminatory or retaliatory.  Whenever medical evidence was requested of Ms. Lackiram, her pay docked, or she was given a warning or suspension, it was fully warranted and will be substantiated by the facts.

2.    FACTS ESTABLISHED BY PLEADINGS OR STIPULATIONS

The Plaintiff's hiring date, position, and the fact that she went out on unpaid medical leave.  In addition, the fact that the Plaintiff was disciplined is not disputed.

3.    CONTESTED FACTS

All facts, except for those delineated above are contested.

4.    JURISDICTIONAL QUESTIONS

None.

5.    QUESTIONS RAISED BY PENDING MOTIONS

None

6.    ISSUES OF LAW INCLUDING EVIDENTIARY QUESTIONS

a)    Issues of law:

Whether the Defendants discriminated against the Plaintiff on account of her race.

Whether the Defendants retaliated against the Plaintiff because of her opposition to discriminatory practices.

b)    Evidentiary issues:

None that plaintiff is aware of at this time.

<u>Defendants' motion in limine to exclude plaintiff's emotional distress claim for failure to produce medical records.</u>

7.     <u>REQUESTED AMENDMENTS TO THE PLEADINGS</u>

There are no requested amendments to the pleadings at this time.

8.     <u>ADDITIONAL MATTERS IN AID OF DISPOSITION</u>

None

9.     <u>PROBABLE LENGTH OF TRIAL</u>

Approximately seven half days.

10.     <u>WITNESSES THE PARTIES INTEND TO CALL AT TRIAL</u>

For the Plaintiff:

     Diane Lackiram

     Leila Sarkis

     Ruth Nathans

     Leon Lackiram

For the Defendants

     Diane Lackiram

     Linda Montminy

     Faith Kirkland

     Gerald Scott

     Ruth Nathans

     Lisa Harrison

     Leila Sarkis

Pat McCarthy

Plaintiff reserves the right to call any witness on the Defendants' witness list.

11.  <u>PROPOSED EXHIBITS</u>

Plaintiff's Proposed Exhibits

1. Derrick Jones EPRS

2. January, 2003 letter to Nathans

3. April, 2003 letter to Montminy

4. April, 2003 requests for documentation

5. Collective Bargaining Agreement

6. Lackiram June, 2003 EPRS

7. June, 2003, Informal Warning

8. July, 2003 Formal Warning

9. Medical Records

Defendants' Proposed Exhibits

See Exhibit Book which will be produced at pre-trial hearing

The parties may rely upon each others' proposed exhibits and reserve the right to make a timely supplement to this list.

| PLAINTIFF DIANE LACKIRAM | DEFENDANTS LINDA MONTMINY, PAT McCARTHY, FAITH KIRKLAND, ROSEMARY BEVINS, RUTH NATHANS, LEILA SARKIS, DIANE ENOX, GERALD J. MORRISSEY, and RON PRESTON, |
|---|---|
| By her attorneys, | |
| /s/ Michael Tumposky<br>Michael Tumposky, Esq.<br>BBO # 660618<br>Hrones, Garrity & Hedges<br>Lewis Wharf--Bay 232<br>Boston, MA 02110-3927<br>Tel. No. 617-227-4019 | By their Attorneys,<br><br>MARTHA COAKLEY<br>ATTORNEY GENERAL |
| | /s/ Charles M. Wyzanski<br>Charles M. Wyzanski<br>BBO # 536040<br>Assistant Attorney General<br>One Ashburton Place<br>Boston, Massachusetts 02108<br>Tel. No. 617-727-2200 |