```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
_____
                                    )
DIANE LACKIRAM,                     )
                                    )
        Plaintiff,                  )
                                    )    C.A. No. 04-12592-GAO
v.                                  )
                                    )
LINDA MONTMINY, et al.,             )
                                    )
        Defendants.                 )
_____)
```

### DEFENDANTS' REQUESTED JURY INSTRUCTIONS

NOW come the defendants and respectfully requests that this Court include the following jury instructions.

1.   The burden of proof, that is of demonstrating racial discrimination and retaliation rests with Ms. Sivieri.

   Cases alleging racial discrimination in employment proceed under the familiar three-step, burden-shifting framework outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Quiñones v. Buick, 436 F.3d 284 (1st Cir.2006).  First, the plaintiff-employee must make out a prima facie case of discrimination.  Quinones, 436 F.3d at 289 (citations omitted).  If that is accomplished, the burden shifts to the defendant-employer to present a legitimate, non-discriminatory reason for the employment decision of which the plaintiff complains.  Id.  Finally, the burden is placed on the plaintiff to demonstrate that the non-discriminatory reason is mere pretext and that the real reason was discrimination.  Id. (citations omitted).
   The requisite elements of a prima facie case in a case such as this are:  (1) that the plaintiff is a member of a protected class; (2) that the plaintiff was

   In order to make out a prima facie case of retaliation under either 151B or Title VII, a plaintiff has to prove three elements, to wit, that:  (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) a causal connection between the two can be inferred.  Mole v. University of Massachusetts, 442 Mass.

582, 591-92 (2004); Hernandez-Torres v. Intercontinental Trading, Inc., 158 F.3d 43, 47 (1st Cir. 1998).To succeed on a claim of retaliation, Chapter 151B requires a plaintiff make a three-part showing that: (1) she reasonably and in good faith believed her employer was engaged in wrongful discrimination; (2) she acted reasonably in response to her belief; and (3) her employer's desire to retaliate against her was a determinative factor in its decision. <u>Tate v. Dept of Mental Health</u>, 419 Mass. 356, 364 (1995).

Even assuming that Balthazar reasonably and in good faith believed that she was being subjected to wrongful discrimination, and that she acted reasonably in response to her belief, she cannot show--and no reasonable jury could infer--that her discharge was motivated by DOC's desire to retaliate, much less that such a desire was a "determinative factor."

The DOC had an independent non-retaliatory motive for terminating Balthazar's employment. Balthazar had been found to have violated DOC Rules and Regulations by taking paid sick leave when she was not sick--as evidenced by the fact that she was working essentially the same job at the BOP saying that she had been laid off.

Although it might be argued that Balthazar's fellow COs harbored a retaliatory motive based on her complaints, the COs were not the ones who caused or influenced Balthazar's discharge. Superintendent Bissonnette was the one to do that. Any CO animus would therefore be irrelevant. <u>Brunner v. Stone & Webster Engineering Corp.</u>, 413 Mass. 698, 704 (1992)("the biases of one who neither makes nor influences the challenged personnel decisions are not probative in an employment discrimination case").


2.  The mere fact that one event follows another would not be enough to make out a causal connection. Prader v. Leading Edge Products, Inc., 39 Mass. App. Ct. 616, 617 (1996).
3.  To demonstrate an "adverse employment action," an employee must introduce "objective evidence" that she has been "disadvantaged in respect to salary, grade, or other objective terms and conditions of employment." <u>MacCormack v. Boston Edison Company</u>, 423 Mass. 652, 663 (1996). An employment action is materially adverse if the employer "(1) take[s] something of consequence from the employee, say, by discharging or demoting her, reducing her salary, or

    divesting her of significant responsibilities or (2) withhold[s] from the employee an accouterment of the employment relationship, say, by failing to follow a customary practice of considering her for a promotion after a particular period of service." Blackie, 75 F.3d at 725-26 (citations omitted); accord Hernandez-Torres v. Intercontinental Trading, Inc., 158 F.3d 43, 47 (1st Cir. 1998)(adverse employment actions include "demotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative job evaluations, and toleration of harassment by other employees").

4. At the most it would be one of those "petty slights, minor annoyances, [or a] simple lack of good manners" which the Supreme Court has explicitly deemed too trivial and non-material to be considered an adverse employment action. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S.--, 126 S.Ct. 2405, 2415 (2006).

Retaliation

5. gender discrimination in this case, Ms. Sivieri, must prove four things: (1) that she is a member of a protected class; (2) that she was subjected to an "adverse employment action"; (3) that she was otherwise qualified; and (4) that a similarly situated person, that is a woman without young children was treated differently.

6. In this case, the Department, does not, of course, dispute that, as a female, Ms. Sivieri is a member of a protected class. Nor does the Department dispute that Ms. Sivieri was "qualified" to be Lead Paralegal or a Paralegal Specialist assigned to Quality Control.

7. Moreover, with respect to the Lead Paralegal position, the Department concedes that the promotion of someone else, namely Kristin Naugler, and not Ms. Sivieri, was an adverse employment action

8. However, the Department does not concede, that the failure to select Ms. Sivieri to be a Quality Control Paralegal Specialist was such an adverse employment action.

9. This, members of the Jury, will then be the first

     decision which you will have to render and record on the Jury Verdict Slip which will be provided you.

10. In order for Ms. Sivieri to show that her non-selection as a Paralegal Specialist assigned to Quality Control was an adverse employment action, you must believe that she has produced "objective evidence" that she was "disadvantaged in respect to salary, grade, or other objective terms and conditions of employment."

    City of New Bedford v. MCAD, 440 Mass. 450, 461-62 (2003); MacCormack v. Boston Edison Company, 423 Mass. 652, 663 (1996).

11. Now, turning to the Lead Paralegal position again, the Department does not dispute that Sivieri's non-selection was an adverse employment action but it does dispute that she was treated differently than a similarly situated woman without a young child.

12. This, members of the Jury, will be the second decision which you will have to render and record on the Jury Verdict Slip which will be provided you.

13. In order to make such a determination, you will have to decide in the first place whether Kristin Naugler, the woman who was selected as Lead Paralegal was a similarly situated woman without a young child.

14. If you find that Ms. Naugler was such a woman, then the question becomes whether, as the Department says, the selection of Ms. Naugler was based entirely on Ms. Naugler's superior qualifications or rather, as Ms. Sivieri says, it was based on gender or sex discrimination.

15. Ms. Sivieri has introduced certain evidence of comments by which she says are evidence of such gender or sex discrimination.

16. With respect to such comments, in order for you, members of the Jury, to infer discrimination from such comments the law is that they must be more than ambiguous or stray or mildly offensive, they must demonstrate discriminatory animus.

> Wynn & Wynn, P.C. v. Massachusetts Commission Against Discrimination, 431 Mass. 655, 667 (2000)("Stray remarks in the workplace...do not suffice to satisfy the plaintiff's threshold burden"); Fontaine v. Ebtec Corp., 415 Mass. 309, 314 n. 7 (1993)("isolated, ambiguous, or stray remarks suggestive of impermissible bias" insufficient to make out a case of discriminatory animus).

17. Assuming that you have found the Department's failure to assign Ms. Sivieri to Quality Control to have been an adverse employment action, you will have to answer the same question with respect to Judi Coulombe as you did for Ms. Naugler, namely was Ms. Coulombe's selection, as the Department says, based entirely on her superior qualifications or rather, as Ms. Sivieri says, was it based on gender or sex discrimination?

18. Again, Ms. Sivieri has introduced certain evidence of comments by which she says are evidence of such gender or sex discrimination.

19. With respect to such comments, in order for you, members of the Jury, to infer discrimination from such comments the law is that they must be more than ambiguous or stray or mildly offensive, they must demonstrate discriminatory animus.

    > Wynn & Wynn, P.C. v. Massachusetts Commission Against Discrimination, 431 Mass. 655, 667 (2000)("Stray remarks in the workplace...do not suffice to satisfy the plaintiff's threshold burden"); Fontaine v. Ebtec Corp., 415 Mass. 309, 314 n. 7 (1993)("isolated, ambiguous, or stray remarks suggestive of impermissible bias" insufficient to make out a case of discriminatory animus).

20. Now, finally, if you have found that either the failure to select Ms. Sivieri as a Lead Paralegal or to assign her to Quality Control as a Paralegal Specialist, or both, then you must consider the question of damages.

21. Ms. Sivieri is entitled to compensation for any emotional distress damages which she has shown to have been <u>directly related</u> to the Department's failure to select Ms. Sivieri as a Lead Paralegal or to assign

her to Quality Control as a Paralegal Specialist, or both.

        **DEFENDANTS LINDA MONTMINY, PAT McCARTHY, FAITH KIRKLAND, ROSEMARY BEVINS, RUTH NATHANS, LEILA SARKIS, DIANE ENOX, GERALD J. MORRISSEY, and RON PRESTON,**

        By their Attorneys,

        **MARTHA COAKLEY**
        **ATTORNEY GENERAL**


        **/s/ Charles M. Wyzanski**
        **Charles M. Wyzanski**
        **BBO # 536040**
        **Assistant Attorney General**
        **One Ashburton Place**
        **Boston, Massachusetts 02108**
        **Tel. No. 617-727-2200**